# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05 C 1171 |
| v. | ) ) | Judge Virginia M. Kendall |
| ROBERT BOSCH TOOL CORPORATION, | ) ) | |
| Defendant, | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee") brought this action against Defendant Robert Bosch Tool Corporation ("Bosch"), alleging false designation of origin and trademark infringement under 15 U.S.C. § 1125(a), trademark dilution in violation of 15 U.S.C. § 1125(c), and unfair competition and dilution under state law. Due to changed circumstances, however, Milwaukee moved to voluntarily dismiss all claims with prejudice pursuant to Rule 41(a)(2). Bosch does not object to the dismissal because, it asserts, the suit has no merit and should never have been brought in the first instance. Further, Bosch argues that any dismissal of the action should be subject to an award of costs and attorney fees because the suit is meritless and because Milwaukee's litigation conduct has unreasonably increased the cost of defending the suit. Milwaukee opposes Bosch's request and asks the court to first decide the issue of fees in order to provide it the opportunity to withdraw its motion should they be awarded under any theory. For the reasons stated herein, Milwaukee's motion to dismiss is granted. Bosch is awarded costs under Rule 54(d) and denied attorney fees under 15 U.S.C. § 1117(a).

## BACKGROUND

Milwaukee manufactures, distributes and markets professional-grade electric power tools bearing a distinctive color combination that features a predominantly red color scheme with gray and black accents – an appearance that it has used to distinguish its tools from other competitors since 1969. Pl.'s Am. Compl. ¶¶ 5, 6, 8. Milwaukee claims that its consistent use of this trade dress has caused the color scheme to be associated with the Milwaukee brand in the minds of consumers. *Id.* at ¶ 6. In an effort to further reinforce this association, Milwaukee asserts that it has spent tens of millions of dollars on advertising and promoting its electric power tools bearing the Milwaukee color combination mark over the past three decades. *Id.* at ¶ 10. As a direct result of both the high quality of its products and its many efforts to distinguish them, Milwaukee claims to have amassed a great deal of good will with its customers and the electric power tool community more generally. Accordingly, Milwaukee asserts that its color combination mark, and any good will associated with it, are valuable property rights of Milwaukee that warrant protection. *Id.* at ¶ 14.

In January 2004, Milwaukee brought suit against Bosch, a competing manufacturer and distributor of electric power tools, alleging that Bosch infringed on and diluted its color combination mark by designing the trade dress on its SKIL line of products to closely resemble Milwaukee's trade dress. *Id.* at ¶ 20. Milwaukee further alleged that Bosch was aware of the secondary meaning Milwaukee had established in this color combination before making the decision to utilize a similar dress, and ultimately did so with intent to capitalize on Milwaukee's established good will. *Id.* at ¶ 22, 24, 25. The suit was originally brought in the United States District Court for the Northern District of Mississippi, but that Court transferred it, on Bosch's motion, to this Court citing convenience concerns.

In October of 2006, Milwaukee moved for voluntary dismissal, claiming that two subsequent events have sufficiently weakened its claims, making it no longer worth the time and effort required to further pursue this cause of action. First, on October 6, 2006, H.R. 683, the Trademark Dilution Revision Act (TDRA) of 2006 was enacted, which Milwaukee asserts has substantially revised the existing dilution law under 15 U.S.C. § 1125(c) and decreased its likelihood of success. Second, Bosch made unilateral changes to the trade dress used on its SKIL line of products, rendering it sufficiently different from the one used by Milwaukee thereby rendering its claims under § 1125(a) no longer viable.

At the time of the motion for dismissal, the parties had conducted significant discovery but had not filed any dispositive motions. With respect to discovery, Bosch argues that by the time Milwaukee filed its motion for dismissal, Bosch had been forced to engage in significant discovery on a claim that, in Bosch's estimation, never had any merit. For example, in order to establish the extent of third party use of Milwaukee's color scheme, Bosch claims that it "served approximately 37 third-party document subpoenas on tool manufacturers throughout the country and incurred significant costs in obtaining substantial evidence of third-party use of" Milwaukee's color scheme. For its part, Milwaukee characterizes Bosch's discovery efforts as "a desperate fishing expedition among retailers, distributors, and manufacturers [that] discovered no significant third party use" of Milwaukee's color scheme.

## **ANALYSIS**

Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). Nonetheless, courts rarely deny a plaintiff's motion for voluntarily dismissal when it is with prejudice because the defendant receives all the relief that

3

could have been obtained after a full trial and is protected from future litigation by the doctrine of res judicata. *See e.g., Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985). In causes of action for trademark infringement under the Lanham Act, the court may also, in exceptional cases, award reasonable attorney fees to the prevailing party, 15 U.S.C. 1117(c), though the decision to do so is similarly committed to its discretion. *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994). When any such conditions are placed on the grant of a voluntary dismissal, however, a plaintiff should be given a choice between accepting the conditions and withdrawing its motion. *Marlow v. Winston & Strawn*, 19 F.3d 300, 306 (7th Cir. 1994).

Bosch initially requests that this court condition any dismissal upon an award of costs. Fed. R. Civ. P. 54(d)(1) provides for the award of costs to the prevailing party "as of course." *See Mother & Father v. Cassidy*, 338 F.3d 704, 708-710 (7th Cir. 2003) (voluntary dismissal with prejudice pursuant to Rule 41(a)(2) renders the defendant the prevailing party within the meaning of Rule 54, entitling him to costs unless the defendant is guilty of misconduct or the plaintiff is determined to be indigent).[1] Milwaukee argues that costs are inappropriate in this case because Bosch is guilty of misconduct; specifically, Milwaukee argues that Bosch misrepresented its third-party discovery efforts in its filings regarding this motion and that it is attempting to collect costs in this case that were, in reality, incurred in connection with its efforts to oppose Milwaukee's trademark applications in the Trademark Trial and Appeal Board. The Court does not find Bosch's characterization of its third-party discovery efforts to constitute "misconduct" sufficient to deny costs in this case. Nor does the Court find that there is any evidence upon which it could arrive at

---

[1]Milwaukee initially conceded this issue to Bosch, stating that it would not object to the court conditioning dismissal upon an award of costs to defendant. Pl.'s Brief in Support of Motion to Dismiss, at 11. In its reply, however, Milwaukee asserts that Bosch should not be entitled to costs due to various instances of alleged defendant misconduct.

the conclusion that Bosch is trying to recover costs not incurred in these proceedings. Indeed, while Bosch has indicated that it had incurred approximately $201,600 in costs in this case as of November 6, 2006, it expressly recognized that it would need to submit a bill of costs after judgment is entered in order to demonstrate its entitlement to compensation for costs in that amount. Without having had the opportunity to examine a bill of costs from Bosch, the Court cannot conclude that Bosch is attempting to recover any improper costs. Accordingly, the Court finds no reason to deny costs to Bosch "as of course" in this case.

More significantly, Bosch also requests that dismissal be subject to an award of attorney fees.[2] Title 15 U.S.C. § 1117(a) allows the court to award reasonable attorney fees to the prevailing party in "exceptional cases." Where, as here, the prevailing party is the defendant, the standard is not whether the claimant filed suit in good faith, but rather whether plaintiff's action was "oppressive." *See, S Industries Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001), citing *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 126 F.3d 1028, 1031 (7th Cir. 1997). In determining whether a suit is oppressive, the Court should consider if it lacks merit, has elements of an abuse of process claim, and whether plaintiff's conduct has unreasonably increased the cost of defending against the suit. *Id.*

In this case, Milwaukee asserts that two events occurred subsequent to its decision to file suit against Bosch that have significantly decreased its likelihood of success on its trademark claims. Most importantly, in September 2006, Congress amended the federal trademark dilution law through passage of the Trademark Dilution Revision Act (TDRA). Prior to the amendment, and at the time

---

[2]Milwaukee also argues that Bosch's request for attorney fees is frivolous and amounts to misconduct that, standing alone and without more, justifies the denial of costs.

5

Milwaukee filed this suit, a mark could be considered "famous" even if it was widely recognized only within one's niche market. *Syndicate Sales Inc. v. Hampshire Paper Corp.*, 192 F.3d 633, 641 (7th Cir. 1999). In September, 2006, however, the TDRA amended § 1125(c)(2)(A) to require recognition "by the general consuming public of the United States" in order for a mark to be considered famous. This substantial change in the law effectively eliminated the only theory upon which Milwaukee claims to have been able to establish fame in its color combination. Milwaukee has never claimed to have evidence that its color combination mark enjoys any fame outside of the niche market in which it operates. Though Bosch claims that the continued existence of the "niche market" theory is still an open question, it is certainly reasonable on the part of Milwaukee to assume that the amendment expressly precludes reliance solely upon such a theory. As such, Milwaukee's decision to voluntarily dismiss this action after arriving at the reasonable conclusion that a change in law has precluded reliance upon the only theory upon which it claims to have been able to establish fame in its color combination does not establish that Milwaukee's claim never had merit in the first instance.

Milwaukee also claims that Bosch has unilaterally altered the trade dress used on Bosch's SKIL line of tools – specifically, the trade dress on the new line of tools now includes yellow accents, various stripes, and a different tone of red. In Milwaukee's assessment, the changes in Bosch's trade dress have created an overall appearance that is less similar to the Milwaukee trade dress. Judging that Bosch is focusing its efforts on the newer line of products, Milwaukee argues that it now has less reason to pursue litigation against Bosch because it is reasonable to assume that Bosch will not repeat the behavior that prompted the filing of this action. Bosch claims that, while it has added yellow accents to some of its newer tools, the majority of its SKIL products continue to feature the colors red, gray, and black with no yellow. Considered along with the change in law discussed above,

Milwaukee's claim that its management has been appeased by the fact that Bosch has altered its trade dress on some – but not all – of its tools does not support the proposition that Milwaukee's claim was meritless in the first place.

With regard to any potential litigation misconduct, the Court finds that Milwaukee engaged in no behavior that could render this an exceptional case under 15 U.S.C. § 1117(a). Typically, courts award fees to prevailing defendants only in cases of "an unambiguous showing of extraordinary misconduct on the part of the plaintiff." *Sunmark Inc. v. Oceanspray Cranberries, Inc.*, No. 93 C 6174, 1996 U.S. Dist. LEXIS 9697, *9 (N.D. Ill. July 10, 1996) (citing *Airtex Corp. V. Shelley Radiant Ceiling Co.,* 536 F.2d 145 (7th Cir. 1976))*; See, e.g.*, *Finance Investment Co. v. Gerberit AG*, 165 F.3d 526 (7th Cir. 1998) (awarding prevailing defendant fees based upon plaintiff's inordinate amount of docket activity and protracted discovery disputes); *S Industries,* 249 F.3d at 628 (awarding fees to defendant where plaintiff's dilatory tactics included repeated failures to respond to discovery requests, properly serve or sign motions, and follow local rules). Such a showing has not been made in this case. Indeed, Bosch's only allegation of "oppressive" misconduct concerns Milwaukee's initial decision to file this suit in the United States District Court for the Northern District of Mississippi and subsequent demand for a jury trial. Title 28 U.S.C. § 1391(b)(2) provides, however, that a claim may be brought, among other places, in "a judicial district in which a substantial part of the property that is the subject of the action is situated." Since a majority of Milwaukee's electric tools, including many of those at issue in this dispute, are manufactured and stored in Mississippi, Pl.'s Reply Brief, at 17, that venue is absolutely proper. Indeed, Bosch has not alleged, nor did the Mississippi District Court find, that Milwaukee's choice of venue was improper. The court merely found that this forum would be more convenient for the parties and thus granted

Bosch motion for transfer. For these reasons, the Court finds no basis for concluding that Milwaukee's litigation conduct alone brings this case into the realm of the exceptional or oppressive.

## **CONCLUSION**

Accordingly, Milwaukee's motion for voluntary dismissal pursuant to Rule 41(a)(2) is granted and the case is dismissed with prejudice. Defendant Bosch is awarded its costs but not its attorney fees. Defendant Bosch is directed to submit its bill of costs within 14 days of this opinion.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: September 28, 2007